NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3483
_____

RICHARD ULRICH,
Appellant

v.

TOM CORBETT, Governor, of the Commonwealth of PA, individually
and in their official capacity; TOM RIDGE, Ex-Governor, of the Commonwealth of PA,
individually and in their official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-00919)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: May 6,  2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Richard Ulrich, an inmate, appeals the District Court's order summarily dismissing his complaint. We will affirm.[1]

Ulrich filed suit against Tom Corbett, then-Governor of Pennsylvania, and former-Governor Tom Ridge, alleging claims under 42 U.S.C. §§ 1983 and 1985. Construed liberally, see United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (citing Haines v. Kishner, 404 U.S. 519, 520 (1972), the complaint alleged that a Pennsylvania criminal statute—Criminal Use of Communication Facility, 18 Pa. Cons. Stat. § 7512—violates the Constitution, and that any conviction under section 7512 necessarily involves evidence obtained in violation of Pennsylvania's Wiretapping and Electronic Surveillance Act. Ulrich further alleged that the defendants oversaw prosecutions under section 7512, including his own, in violation of his constitutional rights. The complaint also appeared to allege that several inmates attempted to intimidate Ulrich in an effort to keep him from speaking out about section 7512's alleged illegality. The complaint requested declaratory relief, compensatory and punitive damages, and a preliminary injunction, enjoining the defendants from, inter alia, enforcing section 7512, participating in the gubernatorial election, and from threatening or retaliating against Ulrich. The

---

[1] We also deny Ulrich's request for appointment for counsel on appeal as his appeal lacks any arguable merit.

2

District Court dismissed the original complaint pursuant to the Court's screening

obligations under 28 U.S.C. § 1915A. [2]

Ulrich appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. §

1291 and exercise plenary review over the District Court's dismissal order. See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any grounds supported

by the record. See Hughes v. Long, 242 F.3d 121, 121 n.1 (3d Cir. 2001). We may

summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R.

27.4; I.O.P. 10.6.

I.

We agree with the District Court that Ulrich failed to state a claim that Defendants

violated his civil rights by "overseeing" prosecutions under section 7512 during their

tenure as Governors. To the extent Ulrich sued the former Governors in their official

capacities, his complaint fails to state a claim under 42 U.S.C. §§ 1983 or 1985. Absent

consent by the State, the Eleventh Amendment provides the Defendants protection from

federal suit in their official capacities. MCI Telecomm. Corp. v. Bell Atl.-Pa., 217 F.3d

491, 503-04 (3d Cir. 2001); see also Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

We have previously noted that the Commonwealth of Pennsylvania has expressly

withheld its consent to be sued. See Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d

---

[2] Ulrich later filed an "amended complaint," which sought to incorporate the original complaint and add unrelated facts, but no causes of action, thereto. Because Ulrich's "amended complaint" did not set forth any causes of action, the District Court screened the original complaint pursuant to 28 U.S.C. § 1915A.

Cir. 2000); see also 42 Pa. Cons. Stat. § 8521(b). Hence, the governors enjoy Eleventh Amendment immunity from suit for acts taken in their official capacities.

Moreover, to the extent that Ulrich sues the defendants in their individual capacities, his complaint fails to state a claim because he has not alleged any personal involvement by the Defendants in violation of his civil rights. By contrast, his complaint asserts only that the Governors are liable for "enforcing" criminal statutes in violation of his civil rights. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior). For these reasons, Ulrich has not stated a claim against either defendant under section 1983 for violating his civil rights, or for conspiring to do so under section 1985. Accordingly, we will affirm the District Court's decision to dismiss those claims in Ulrich's complaint.

## II.

In addition, Ulrich's complaint failed to satisfy Federal Rule of Civil Procedure 8(a)(2) regarding his claim against Defendant Corbett for conspiring with several inmates to violate his civil rights. Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Given the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007), "detailed factual allegations" are not required, but there must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." We have stated that "[t]he Supreme

4

Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  The Supreme Court explained in Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and observed that "[d]etermining whether a complaint states a plausible claim to relief will . . . . be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Here, with respect to Defendant Corbett, Ulrich presented no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  See Iqbal, 556 U.S. at 678.  Ulrich's complaint stated that several inmates approached him and warned him against speaking out about section 7512.  Ulrich states only that "these men, amongst others were placed inside of prison for investigative purposes . . . by the Attorney General Office with [Defendant] Corbett (sic)" and that "Corbett's conscience (sic) decision to use alleged inmates Bozarth and Dietz to interfere with [Ulrich's] rights . . . was abuse of [Corbett's] powers."  These conclusory allegations are not entitled to assumptions of truth.  See Twombly, 550 U.S. at 557 ("[A] conclusory

5

allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). Accordingly, we will affirm the District Court's dismissal of Ulrich's complaint, and we agree with the District Court's determination that any amendment would be futile.[3]

Because this appeal presents us with no substantial question, and we will summarily affirm the judgment of the District Court. See 3rd Cir. LAR 27.4 and I.O.P. 10.6

---

[3] Nor did the District Court err in denying Ulrich's request for a preliminary injunction. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." With regard to Ulrich's request to enjoin the defendants from, inter alia, enforcing the allegedly unconstitutional Pennsylvania criminal law, participating in the gubernatorial election, and from threatening or retaliating against Ulrich, we agree with the District Court's determination that Ulrich has failed to demonstrate the likelihood of success on the merits. P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC., 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."). This failure alone establishes that he is not entitled to a preliminary injunction. See Id.